**Clyde Diefenbach, Plaintiff-Appellee, v. Chester Gorney, Defendant-Appellant.**

Gen. No. 67–23.

Third District.

March 7, 1968.

Krusemark & Bertani, of Joliet, for appellant.

Fredrick E. Huber, of Kankakee, for appellee.

SCHEINEMAN, J.

The plaintiff was a tenant farmer closing out term. He held a sale at auction with terms announced as "Cash Before Removal." Defendant was the high bidder on approximately 2,500 bales of hay, at 41¢ each. After the gavel had fallen, defendant told plaintiff he had only $500 at that time. Plaintiff permitted defendant to remove $500 worth of bales. Some months later defendant returned to pick up the rest of the hay, only to find it was gone. Neither party knows what happened to the hay, plaintiff no longer living on the farm. Plaintiff sued for the balance of the purchase price. The case was tried before the court, without a jury, and resulted in a judgment for plaintiff, from which the defendant appeals.

The appellee contends that tender of delivery of the goods was to be simultaneous with payment therefor. This is often the way the law is applied to ordinary sales, as this is likely to be the intention of the parties.

However, from the very early history of Illinois, a distinction was recognized in sales at auctions, especially

in farm sales where the goods sold are standing ready for removal.

 At a public auction, as soon as the property is "knocked down" to the bidder, the title to the property passes to the bidder, subject however, to a lien on the property in favor of the seller for the amount of the bid. Lucas v. Wallace, 42 Ill App 172. An auction sale is complete when the property is knocked down to the bidder. Chamberlain v. Bain, 27 Ill App 634. Similar result reached in Wade v. Moffett, 21 Ill 110, and in the more recent case of Shilling v. Campbell, 38 Ill App2d 180, 186 NE2d 782. The rule has now become statutory by reason of adoption of the Uniform Commercial Code, Ill Rev Stats c 26, § 2–328 (3).

Other related sections are § 2–607 (1) and § 2–401 (1), (3) (b). The general result is that loss of the goods falls on the buyer.

The trial court correctly applied the law in this case, and the judgment is affirmed.

Judgment affirmed.

ALLOY, P. J. and STOUDER, J., concur.